## Commonwealth v. Fox

S. V. *Hosterman*, district attorney, for Commonwealth.

W. *Hensel Brown*, for defendant.

GROFF, P. J., January 9, 1932.—In this case the indictment drawn by the Commonwealth alleges that on June 2, 1931, Willis H. Fox, the defendant, "did unlawfully operate a motor vehicle while under the influence of intoxicating liquor or narcotic." On the day in question the defendant was arrested for the offense charged in the indictment and taken before Dr. N. B. Reeser, who examined him shortly after his arrest, and who testified, on the trial of the case, in part, as follows:

"Q. Did you examine him as to whether or not he was under the influence of intoxicating liquor? A. Yes. Q. Was he, or not? A. Yes, he was. Q. What time was the examination? A. Eight o'clock in the evening."

This evidence was fortified by the evidence of the other witnesses who were present and saw the defendant.

After the Commonwealth had called all its witnesses, the defendant demurred to the evidence, and upon the hearing of the case argued that even though the defendant was under the influence of liquor, he was not operating the vehicle at the time he was arrested.

Section 102 of The Vehicle Code of May 1, 1929, P. L. 905, defines "operator" as follows: "Every person who is in actual physical control of a motor vehicle or tractor upon a highway."

The evidence shows that on the day in question the defendant was riding in a motor vehicle in the neighborhood of Price and Walnut Streets, in the City of Lancaster, Pa. The witness, Harry Lechner, who saw the occurrence, was asked this question:

"Q. Did you see this defendant come along? A. I saw him, yes. Q. Was he driving the car? A. The girl was driving the car and after the girl got away he tried to drive, but the driving shaft was broken. Q. Did he have the car in operation? Was the engine running? A. Yes. Q. On the street—on Prince Street? A. Yes."

We believe that the general acceptation of the term "operating a car" means the moving, or manipulation, of the car upon the highways of the Commonwealth by the party in charge. There were no witnesses who testified to anything other than that the car was in actual physical control of the operator, the girl, until it broke down, and then she disappeared for some unexplained reason. It may have been to employ someone to repair the car or it may have been for other reasons.

This is a very close case, and as the rule of law is that the benefit of the doubt should always be given to the defendant, we feel that, with the evidence before us, it is doubtful if the defendant was the operator of the car within the mean-

ing of the statute as above set forth, and we find it our duty to give the defendant the benefit of that doubt, which we do, and enter a verdict of not guilty, but direct that the defendant pay the costs in this case.

Verdict of not guilty entered.

From George Ross Eshleman, Lancaster, Pa.